UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3\|5\|2 CAPITAL GP LLC, ON BEHALF OF 3\|5\|2 CAPITAL ABS MASTER FUND LP *et. al.*,<br><br>*Plaintiffs*,<br>vs.<br>RYAN WEAR, *et. al.*,<br><br>*Defendants*. | Case No. 1:24-cv-05102-VEC |

### [PROPOSED] AMENDED PROTECTIVE ORDER

**WHEREAS**, on December 2, 2024, this Court entered a Joint Stipulation and Protective Order governing the exchange of documents, information or other things that are produced or disclosed in connection with the above-captioned action (the "Action") (ECF No. 124; the "Original Protective Order"); and

**WHEREAS**, plaintiffs 3|5|2 Capital GP LLC, acting on behalf of 3|5|2 Capital ABS Master Fund LP, and Leucadia Asset Management LLC (collectively, "Plaintiffs") moved—by order to show cause—for entry of an order amending the Original Protective Order (*see* ECF Nos. 209–12) to permit the use of documents produced in the Action in the action filed in the Supreme Court of the State of New York, County of New York, Index No. 653486/2025 (the "New York Action") and the action filed in the Superior Court of the State of Washington, County of King, Case No. 25-2-17253-8 SEA (the "Washington Action"); and

**WHEREAS**, the Court, having reviewed Plaintiffs' motion and all responses thereto and having held a hearing on this matter on July 25, 2025, finds that there is good cause to modify the Original Protective Order;

1

**IT IS HEREBY ORDERED** that the following provisions shall govern the use and disclosure of documents and information covered by this order (the "Protective Order").

1. **Proceedings and Information Governed**.  This Protective Order is made under Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  It applies to any document, information, or other tangible or intangible thing, including but not limited to audio or visual recordings (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this Action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" in accordance with the terms of this Protective Order.  This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. **New York and Washington Actions**.  Documents produced in this Action and designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by all parties or non-parties except Jordan Chirico (the "Non-Objector Documents") may be used, treated and disclosed in the New York Action and the Washington Action to the same extent and in the same manner as in this Action, as described herein.  Documents produced in this Action and designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by Jordan Chirico (the "Chirico Documents") may be used, treated and disclosed in the New York Action to the same extent and in the same manner as in this Action, as described herein.  Upon the entrance of a protective order in the Washington Action, the use and disclosure of the Non-Objector Documents in the Washington Action will be governed by the terms of such protective order, and this Protective Order shall cease to be of further effect with respect to such

2

documents in the Washington Action. Upon the entrance of a protective order in the New York Action, the use and disclosure of the Non-Objector Documents and the Chirico Documents in the New York Action will be governed by the terms of such protective order, and this Protective Order shall cease to be of further effect with respect to such documents in the New York Action.

3. **Designation and Maintenance of Documents and Information**. The "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designations mean that the document contains: (a) trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G); (b) previously nondisclosed financial information; (c) previously nondisclosed material relating to ownership or control of any non-public company; (d) any information of a personal or intimate nature regarding any individual; (e) information required by law or agreement to be kept confidential; or (f) any other category of information hereafter given confidential status by the Court.

4. **Documents Produced in Discovery and Depositions.**

    A.    Documents

        i.    Any party may designate documents and things produced during the course of this litigation as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL"** or **"CONFIDENTIAL INFORMATION"**

        ii.    Any party may designate documents produced in connection with this litigation as "Confidential Information – Attorneys' Eyes Only" if the designating party believes that each document to be so-designated reflects confidential ongoing commercial relationships between the designating party and a non-party to this action or otherwise reflects

ongoing, present commercial strategy, the disclosure of which to the requesting party at any lower level of designation would create a substantial risk of competitive or commercial disadvantage. Documents and things may be designated as "Confidential Information – Attorneys' Eyes Only" by placing on each page and each thing a legend substantially as follows:

"**CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY**"

  B.  Depositions

    i.  For deposition testimony or exhibits to be entitled to protection under this Protective Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

    ii.  If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only."

    iii.  During the transcription and following the fourteen (14) day period after delivery of the transcript, the transcript and exhibits must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

    iv.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party

4

to maintain materials containing Confidential Information or Confidential Information – Attorneys' Eyes Only in a secure manner and to ensure that they are appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

          v.      If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information.

          vi.      Failure to designate a deposition transcript or any portion of a deposition transcript shall have no impact on and shall not operate as or be construed as a waiver or withdrawal of any designation applied to a document produced in this Action and any documents referred to or used as exhibits in any deposition shall retain any designations made under this Protective Order.

    **5.**    **Limits on Designation.**  Notwithstanding any other provision in this Protective Order, nothing herein shall impose any restriction on the use of or disclosure by a party of its own information.  Nor shall this Protective Order be construed to prevent a party from disclosing Confidential Information or Confidential Information – Attorneys' Eyes Only to any person whom a document clearly identifies as an author, addressee, or carbon copy recipient of such document.

    **6.**    **Inadvertent Failure to Designate**.

      A.    The inadvertent failure to designate a document as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" will not be a waiver of a claim that the document contains confidential information and will not prevent the producing

5

party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

        B.       In the event a producing party makes a late designation of a document as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designation.

        **7.**       **Challenges to Designations**. A party's designation of documents as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" is not binding if the procedures below are followed:

        A.       A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. Within seven (7) days after receipt of a written challenge, the producing party must advise the receiving party whether or not it will change the designation.

        B.       If the challenging party and the producing party are unable to reach agreement after the expiration of this seven (7) day period, they shall confer in good faith to resolve the designation dispute. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

        C.       Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designation will remain in full force and effect, and the disputed document will continue to be protected by this Protective Order.

8. **<u>Disclosure and Use of Confidential Information</u>**.

A. Information designated as "Confidential Information" may only be used for purposes of motion practice, trial preparation, trial, and appeal of this Action.

B. "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** any individual named as a party in this Action, **(b)** employees, including former employees, of the receiving party who are required in good faith to provide assistance in this litigation, including any settlement discussions, **(c)** in-house counsel of the receiving party who are responsible for overseeing this litigation; **(d)** outside counsel of record for the receiving party; **(e)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(f)** experts or consultants; **(g)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; **(h)** any person or entity noticed or called to testify at a deposition or at trial in the Action, provided that such person or entity demonstrates their agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; and **(i)** the Court and its staff.

C. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

D. "Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director,

7

officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); **(b)** the person is either the designating party for the Confidential Information, or is a director, officer, employee, consultant or agent of the designating party; or **(c)** counsel for the designating party agrees in writing that the material may be disclosed to the person. In the event of disclosure under this paragraph 8(D) during a deposition or other presentation of testimony, only the reporter, the witness, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph 8(D) does not constitute a waiver of the confidential status of the material so disclosed.

9. **Disclosure and Use of Confidential Information – Attorneys' Eyes Only**.

A. Information designated as "Confidential Information – Attorneys' Eyes Only" may only be used for purposes of motion practice, trial preparation, trial, and appeal of this Action.

B. "Confidential Information – Attorneys' Eyes Only" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** in-house counsel of the receiving party who are responsible for overseeing or providing assistance in this litigation; **(b)** outside counsel of record for the receiving party; **(c)** supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(d)** experts or consultants, provided that such expert or consultant demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; **(e)** any persons requested by counsel to furnish services such as document coding,

8

image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and **(f)** the Court and its staff.

   C. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

   D. "Confidential Information – Attorneys' Eyes Only" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); **(b)** the person is either the designating party for the Confidential Information, or is a director, officer, employee, consultant or agent of the designating party, provided that such person demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; or **(c)** counsel for the designating party agrees that the material may be disclosed to the person, provided that such person demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A. In the event of disclosure under this paragraph 9(C) during a deposition or other presentation of testimony, only the reporter, the witness, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information – Attorneys' Eyes Only. Disclosure of material pursuant to this paragraph 9(C) does not constitute a waiver of the confidential status of the material so disclosed.

10. **Non-Party Information**.  The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

11. **Filing Documents With the Court**.  A party shall only submit Confidential Information or Confidential Information – Attorneys' Eyes Only to the Court under seal using the procedures set forth by the Office of the Clerk of the United States District Court for the Southern District of New York, which are available online at https://nysd.uscourts.gov/programs/records/sealed.  Notwithstanding any other provision in this Protective Order, the parties must comply with the Undersigned's Individual Practices in Civil Cases with respect to the filing of materials under seal or in redacted form in this Action.  To the extent Confidential Information or Confidential Information – Attorneys' Eyes Only are submitted in the Washington Action or the New York Action, such information shall be filed under seal using the procedures, rules and requirements of the courts presiding over such action.

12. **No Prejudice**.  Producing or receiving "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, will *not*:  **(a)** operate as an admission by any party that any particular "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the

10

rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

      13.      **Conclusion of Litigation**. Within sixty (60) days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) days after dismissal of this Action pursuant to a settlement agreement, whichever is later, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," and to certify to the producing party that this destruction or return has been done; notwithstanding the foregoing, any party or other person that is a party to the New York Action or Washington Action is not subject to the requirements set forth in the immediately preceding clause. Each party or other person subject to the terms of this Protective Order that uses or receives materials and documents containing "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" in connection with the New York Action and/or Washington Action, as the case may be, is under an obligation to destroy or return to the producing party all such materials and documents and to certify to the producing party that this destruction or return has been done within sixty (60) days after final judgment in the New York Action or Washington Action, as the case may be, including the exhaustion of all appeals, or within sixty (60) days after dismissal of this New York Action or Washington Action, as the case may be, pursuant to a settlement agreement, whichever is later. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

14. **Other Proceedings**.  By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. **Remedies**.  It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order, in law or at equity, are fully reserved.

16. **Relief from Protective Order**.  Any party may petition the presiding judge if the party desires relief from a term or condition of this Protective Order.

17. **Court's Discretion in Opinions and Orders**.  The parties acknowledge that the Court retains discretion as to whether to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**IT IS SO ORDERED:**

DATED: August 7, 2025

_____
Honorable Valerie E. Caproni
United States District Judge

13